UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04   12075 RCL

RODNEY G. SMITH, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN,                              )    MAGISTRATE JUDGE____
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )    Civil Action No. _5 8925_
                                                 )    RECEIPT #_____
JAMES L. RIGBY,                                  )    AMOUNT $_150_
                                                 )    SUMMONS ISSUED_Yes_
        Defendant.                               )    LOCAL RULE 4.1_____
                                                 )    WAIVER FORM_____
_____  )    MCF ISSUED_____
                                                      BY DPTY. CLK_I.O. M_
                                                      DATE_9/28/04_

## COMPLAINT

### Jurisdiction and Venue

1.      Plaintiff invokes the jurisdiction of this Court pursuant to Section 502 (a)(3) of

the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA"),

and federal common law, 28 U.S.C. §1331.

2.      Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29

U.S.C. §1132(e)(2), because, inter alia, the relevant employee welfare benefit plan is

administered in this District, because the Court has jurisdiction over the parties, and pursuant to

28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

### Parties

3.      Rodney G. Smith (hereinafter, "Plaintiff") is the Executive Director of the

Teamsters Union 25 Health Services and Insurance Plan (hereinafter, " the Plan").  He is a

fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and he is

authorized to bring this action on behalf of the Plan.

4.    The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees in accordance with LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5), and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts 02129.

5.    James L. Rigby (hereinafter, "Defendant") is an individual residing at 11 Raven Street, Dorchester, Massachusetts, 02125.

**Facts**

6.    Throughout all times relevant herein, the Defendant was a participant in the Local 25 Health Services and Insurance Plan and was eligible for benefits in accordance with the terms of the Plan's governing plan documents.

7.    As the result of a non-work related temporary disability, the Defendant received weekly disability benefits from the Plan.

8.    The Plan paid the Defendant weekly disability benefits from October 7, 2003 through December 26, 2003.

9.    The Plan's governing plan documents provide that if the Plan extends disability benefits to participant, such participant must immediately notify the Plan of the date he returned to work. A true copy of the excerpt from the Plan's governing plan documents concerning the "Weekly Disability Benefit" is attached hereto as Exhibit 1.

10.    The Plan's governing plan documents provide that it will take all steps necessary to recover any disability benefit that it mistakenly paid to a participant due to late or improper notification of a participant's return to work.

11.    Despite receiving disability benefits for the time period between October 7, 2003 and December 26, 2003, the Defendant returned to work on December 2, 2003.

12.    The Defendant failed to notify the Plan that he had returned to work on December 2, 2003.

13.    The Defendant received wages for work performed from December 2, 2003 through December 26, 2003, as well as weekly disability benefits from the Plan.

14.    As a result of the Defendant's failure to notify the Plan that he had returned to work on April 1, 2003, the Plan mistakenly overpaid weekly disability benefits to the Defendant in the amount of $ 1,649.09.

15.    By letter, dated January 12, 2004, the Plan demanded that the Defendant repay the Plan for weekly disability benefits received by the Defendant for weeks after he had returned to work. A true copy of the January 12, 2004 letter is attached hereto as Exhibit 2.

16.    On February 11, 2004, the Plan received a check for $145.00 and a letter from the Defendant, in which the Defendant requested time to repay the Plan. True copies of the check and letter received by the Plan on February 11, 2004, are attached hereto as Exhibit 3.

17.    On March 23, 2004, the Defendant had a telephone conversation with an employee of the Plan, during which the Plan set up a repayment schedule, at the request of the Defendant, for the repayment of overpaid benefits. This repayment schedule is memorialized in a letter, dated March 23, 2004, a true copy of which is attached hereto as Exhibit 4.

18.    Pursuant to the repayment schedule, the Defendant was to make an additional down payment of $299.09, and submit a $225.00 payment to the Plan on the first of every month from May 1, 2004 until October 1, 2004.

19.    The Defendant made a $300.00 payment as an additional down payment, by a check received by the Plan on April 5, 2004. A true copy of the check received by the Plan on April 5, 2004 is attached hereto as Exhibit 5.

20.    The Defendant failed to make the May 1, 2004 payment of $225.00.

21.    By letter, dated May 26, 2004, the Plan requested payment in full of the remaining balance of $1,204.09, by June 10, 2004, due to the Defendant's failure to comply with the terms of the repayment schedule. A true copy of the May 26, 2004 letter is attached hereto as Exhibit 6.

22.    The Defendant failed to make the June 1, 2004 payment of $225.00.

23.    The Defendant made a payment of $200.00, by a check dated May 21, 2004, and a payment of $100.00, by a check dated June 8, 2004, both of which were received by the Plan on June 9, 2004. True copies of the May 21, 2004 and June 8, 2004 checks are attached hereto as Exhibit 7.

24.    The Defendant failed to make the July 1, 2004 payment of $225.00.

25.    By letter, dated July 23, 2004, the Plan requested payment in full of the remaining balance of $ 904.09, by August 10, 2004, due to the Defendant's failure to comply with terms of the repayment schedule. A true copy of the July 23, 2004 letter is attached hereto as Exhibit 8.

26.    The Defendant has failed or refused to repay the Plan for the remaining balance of overpaid weekly disability benefits.

4

## COUNT I

### (Enforcement of Plan's terms)

27.    The Plaintiff reavers every allegation contained in paragraphs 1 through 26 herein.

28.    The Defendant violated the terms of the Plan by failing to notify the Plan that he returned to work on December 2, 2003.

29.    The Defendant violated the terms of the Plan by accepting and failing to repay the Plan the disability payments he received after he returned to work on December 2, 2003.

30.    The Plaintiff is entitled to enforce the Plan pursuant to ERSIA § 502(a)(3), 29 U.S.C. § 1132 (a)(3).

## COUNT II

### (Reimbursement for Mistaken Payment)

31.    Plaintiff reavers every allegation contained in paragraphs 1 through 30 herein.

32.    The Plaintiff paid the Defendant's weekly disability benefits from December 2, 2003 through December 26, 2003 due to a mistake of fact, to wit: that the Defendant was temporarily disabled and had not returned to work.

33.    The Defendant failed to notify that Plan that he had returned to work on December 2, 2003.

34.    At the time when the weekly disability benefits for December 2, 2003 through December 26, 2003 were paid to the Defendant, the Plan was not aware that the Defendant had returned to work on December 2, 2003 and was no longer disabled.

35.    The Defendant knew or should have known that he could not continue to accept and receive disability benefits after he returned to work.

36.    Plaintiff is entitled to reimbursement of disability payments paid to the Defendant due to a mistake of fact.

## COUNT III

### (Unjust Enrichment)

37.    Plaintiff reavers every allegation contained in paragraphs 1 through 36 herein.

38.    The Defendant knew or should have known that he could not accept weekly disability benefits at the same time that he was receiving wages for working.

39.    Defendant wrongfully continued to accept payment for disability benefits after he had returned to work and was thus receiving benefits to which he was not entitled.

40.    By failing to reimburse the Plan for monies paid, the Defendant has unjustly enriched himself at the expense of the Plan and its participants and beneficiaries.

41.    This Court should enforce the Plan's rights by ordering that Plaintiff disgorge payments he improperly received.

**WHEREFORE**, the Plaintiff prays the Court to grant him the following:

(a)    A judgment in favor of Rodney G. Smith, as Executive Director of the Teamsters Union 25 Health Services and Insurance Plan, and against James L. Rigby;

(b)    An order obligating James L. Rigby to pay the Plan in the amount of $ 904.09;

(c)    Attorneys' fees and costs; and

(d)    Any such other relief as the Court finds appropriate.

6

For the Plaintiff,
**RODNEY G. SMITH, EXECUTIVE**
**DIRECTOR of the TEAMSTERS UNION 25**
**HEALTH SERVICES AND INSURANCE**
**PLAN**
By his attorneys,

Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy & Facklam, P.C.
One Center Plaza; Suite 360
Boston, MA  02108-1804
(617) 723-9777

Date: _____
f:\l25hsip\rigby\pldg\complaintf.doc:blg

7